IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Mathias V. Malak,

          Plaintiff,

v.

Strategic Armory Corps, LLC, a Delaware Limited Liability Company,

          Defendant.

Case No. 1:18-cv-24707-DLG

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT OR ALTERNATIVELY TO TRANSFER VENUE AND FOR A MORE DEFINITE STATEMENT**

Defendant Strategic Armory Corps, LLC ("SAC"), by and through its undersigned counsel, hereby moves pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6), of the Federal Rules of Civil Procedure, to dismiss the Amended Complaint (DE 5) of Plaintiff Mathias Malak ("Malak").

This lawsuit should be dismissed because Malak has failed to allege sufficient facts to establish personal jurisdiction over SAC in Florida under the Florida Long Arm Statute or through Due Process considerations.  If the Court looks further, however, it will also see that the all three counts of the Amended Complaint similarly lack the required allegations and elements to state a cause of action, and thus fail to state a claim upon which relief can be granted.

Notwithstanding, should any of Plaintiff's claims survive, SAC asks the Court to (1) transfer venue to the United States District Court for the District of Arizona pursuant to 28 U.S.C. § 1406; and (2) order Malak to file a more definite statement, as discuss *infra*. This Motion is more fully supported by the following Memorandum.

**PROCEDURAL HISTORY & SUMMARY**

Malak filed his original three-count Complaint (DE 1) in this matter against SAC on

November 11, 2018, alleging (I) violations of minimum wage under the Fair Labor Standards Act ("FLSA") and violations of overtime under the FLSA; (II) Retaliation under the FLSA; and (III) Breach of Contract.

On December 13, 2018, Malak filed the operative Amended Complaint (DE 5), repeating the language of the original Complaint, but also seeking relief under the Florida Minimum Wage Act ("FMWA") in Counts I and II.

## MEMORANDUM OF FACTS

### *Overview*

SAC is a Delaware holding corporation comprised of affiliated firearm manufacturers with its principal place of business in Arizona. (*See* Sworn Declaration of Jason Kalua, attached hereto as Exhibit 1 at ¶ 3). Defendant's headquarters, corporate officers, and employees are all located in Maricopa County, Arizona. (*Id.* at ¶ 4).

At all relevant times, Malak was a professional competitive precision rifle shooter who participated in shooting competitions across the nation. (*Id.* at ¶ 5). As a professional shooter, Malak was sponsored by numerous companies, including Defendant's affiliates, as well as Defendant's competitors, to market their respective products and services. (*Id.* at ¶ 6). Malak accepted various sponsorships and similar opportunities from numerous industry affiliates as is common in the professional shooting industry.

### *SOCIAL MEDIA STIPEND*

Starting in or around 2017, SAC granted Malak access to the Instagram and Facebook social media accounts for Defendant's various affiliates so that Malak could post sponsorship-related content directly to the social media pages. (*Id.* at ¶ 10).

Malak had no hourly workweek requirement and could have posted to Defendant's social

media accounts from anywhere in the world with internet access. (*See* Malak's Sponsored Shooter Agreement, attached hereto as Exhibit 3 at ¶ 2). He was never required to report to a specific location to access or to upload content to Defendant's social media accounts. (*Id.*).

In fact, Malak performed this work remotely primarily from his personal smart phone while traveling for shooting competitions, conferences, and other promotional events that he attended in his capacity as a professional competitive shooter. (Ex. 1 at ¶ 15). Most of the content posted by Malak consisted of photos taken by his girlfriend. (*Id.* at ¶ 14).

In exchange for uploading content to Defendant's social media pages, SAC provided Malak with product from SAC's affiliates and paid Malak a monthly stipend, which was subject to Arizona's (not Florida's) income tax withholdings. (*Id.* at ¶ 12-13). The monthly stipend was unaffected by the amount or quality of the content Malak posted to Defendant's social media pages. During this time, Malak received sponsorships from other industry participants, including direct competitors of Defendant's various affiliates.  (*Id.* at ¶ 16).

## SPONSORSHIP TERMINATED

In May 2017, SAC withdrew its sponsorship because of unprofessional and abusive behavior by Malak after SAC rejected Malak's request to hire his girlfriend to produce social media videos in exchange for an annual salary, unlimited SAC products, shooting range memberships, and a large expense account.  After SAC declined to do so, Malak locked SAC out of its social media accounts and initiated the present action.

Malak's Amended Complaint purports to allege that SAC had violated the Fair Labor Standards Act ("FLSA") and the Florida Minimum Wage Act ("FMWA") by failing to pay him minimum and overtime wages under the statutes. (DE 5) Additionally, Malak alleges that SAC breached the Sponsored Shooter Agreement ("Exhibit A" to the Amended Complaint) by failing

to deliver certain rifle ammunition to Malak. (DE 5)

## MEMORANDUM OF LAW

    I.       LACK OF PERSONAL JURISDICTION – RULE 12(b)(2).

Jurisdiction in this case is premised on a federal question arising under a statute, the FLSA, which is silent as to service of process. *Gannon v. Flood*, 2008 WL 905982, at *1 (S.D. Fla. March 26, 2008). As a result, Rule 4(e) indicates that the state long-arm statute determines personal jurisdiction. *Id.* (citing *Sculptchair, Inc. v. Century Arts*, 94 F.3d 623, 626–27 (11th Cir. 1996)). Because the Florida long-arm statute, Fla. Stat. § 48.193, is governed by Florida law, this Court is bound to construe it as would the Florida Supreme Court. *Sculptchair*, 94 F.3d at 627.

Plaintiffs bear the burden to plead sufficient facts to establish jurisdiction. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989). If Malak cannot, as SAC submits, dismissal is justified. Even if the Court determines there is personal jurisdiction under the state statute, it still should dismiss the lawsuit if it answers the question of "whether sufficient minimum contacts exist to satisfy the Due Process Clause of the Fourteenth Amendment so that maintenance of the suit does not offend traditional notions of fair play and substantial justice" in the negative. *D.W. Mercer, Inc. v. Valley Fresh Produce, Inc.*, 146 F. Supp. 2d 1274, 1276 (M.D. Fla. 2001) (citing *Robinson v. Giarmarco & Bill*, P.C., 74 F.3d 253, 256 (11th Cir. 1996)). Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a non-resident defendant. *See Robinson*, 74 F.3d at 256. Malak's Amended Complaint has no allegations that could subject SAC to jurisdiction in Florida. We will address the second prong first.

    **A.  SAC has Insufficient Contacts with Florida to Satisfy Due Process.**

SAC lacks sufficient minimum contacts with Florida to satisfy the Constitution's due process requirements and be subject to the jurisdiction of this Court. Under *International Shoe v.*

*Washington* and its progeny, a court may assert jurisdiction over a defendant only if the defendant has minimum contacts with the forum state, the lawsuit arises out of the minimum contacts with the forum state, and if exercising jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice. *See* 326 U.S. 310 (1945); *Internet Solutions Corp. v. Marshall*, 557 F.3d 1293, 1295 (11th Cir. 2009). To establish minimum contacts, courts evaluate whether the defendants purposefully availed themselves of the economic benefits and legal protections of the forum state. *See McGee v. Int'l Life Ins. Co.*, 355 U.S. 220 (1957).

Supreme Court precedent holds that the "unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). To the extent Malak posted on Defendant's social media accounts, these online profiles are not activities purposefully directed at Florida. *See HVLPO2, LLC v. Oxygen Frog, LLC*, 187 F. Supp. 3d 1097, 1108 (D. Neb. 2016) (maintaining Facebook business page does not constitute a purposefully directed activity to satisfy 'minimum contacts'). Here, the alleged activity in Florida truly was unilateral activity by Malak. That Malak performed work in Florida for SAC was solely for his own reasons, and, as such, his was "a unilateral decision that cannot be fairly attributed to the defendant as an attempt to avail itself of the privileges of conducting business in" Florida. *Fields v. Sickle Cell Disease Ass'n of America, Inc.*, 5:17-CV-482-FL, 2018 WL 4623645, at *4 (E.D.N.C. Sept. 26, 2018) (court lacked personal jurisdiction over non-resident employer of plaintiff employee); *Eddy v. Ingenesis, Inc.*, 2014 WL 1672939 (W. Va. 2014) (same); *see Johnston v. Multidata Systems Corp.*, 523 F.3d 602 (5th Cir. 2008); *see also Castillo v. Allegro Resort Mktg.*, 603 Fed. Appx. 913, 916 (11th Cir. 2015) (allegation that foreign company employed plaintiff in Miami office insufficient to establish a prima facie case of jurisdiction). The presence of a remote employee in a state is insufficient for

minimum contacts. *Sciortino v. CMG Capital Mgmt. Group*, CV 16-11012, 2016 WL 4799099, at *7 (E.D. La. Sept. 14, 2016) (employer allowing employee to work remotely from a certain state is coincidental and not a purposeful contact, and does not constitute deliberate affiliation with said state); *see Fields*, 2018 WL 4623645.

SAC could not reasonably foresee becoming subject to jurisdiction from Malak's personal decision to live in Florida, keep a bank account in Florida, or even sign Exhibit A while located in Florida. *See Fields*, 2018 WL 4623645, at *4 (allegation that plaintiff was hired while a resident in North Carolina and performed work for defendant remotely in North Carolina is insufficient to satisfy personal jurisdiction under due process clause). As the Supreme Court held, "[j]urisdiction is proper ... where the contacts proximately result from actions by the defendant <u>himself</u> that create a 'substantial connection' with the forum State." *Burger King*, 471 U.S., at 475 (emphasis in original); *Walden v. Fiore*, 571 U.S. 277, 291 (2014) ("it is the defendant, not the plaintiff or third parties, who must create contacts with the forum State").

Finally, as more thoroughly stated below, SAC has no business license, office, real estate, or employees in Florida. SAC does not carry out any business in Florida, sells no products in Florida, and is not subject to taxation in Florida. (Ex. 1, at ¶17-25). By committing its single act of sponsoring a professional target shooter, SAC did not purposely avail itself of the privilege of doing business in Florida and SAC could not have reasonably anticipated being hauled into a Florida court. *See Woodard Chevrolet, Inc. v. Taylor Corp.*, 949 So. 2d 268 (Fla. 4th DCA 2007); *L.O.T.I. Group Productions v. Lund*, 907 F. Supp. 1528 (S.D. Fla. 1995) (due process foreseeability requires determination that defendant purposefully availed itself of privilege of conducting activities within forum state, thus invoking benefits and protections of its laws). No jurisdictional facts exist in this matter to find that SAC has "minimum contacts" with Florida to

satisfy Due Process. Without this component, personal jurisdiction fails.

### B. The Court Lacks Jurisdiction Over SAC Under the Florida Long-arm Statute.

Even if there are sufficient contacts to satisfy Due Process, a court also must find jurisdiction under the Florida long-arm statute. Florida law allows two ways for a court to exercise personal jurisdiction over a defendant; specific and general. *See* Fla. Stat. § 48.193(1)-(2); *PVC Windoors, Inc. v. Babbitbay Beach Constr.*, 598 F.3d 802, 808 (11th Cir. 2010). A plaintiff has the burden to plead sufficient facts to establish at least specific or general jurisdiction. *Bloom v. A. H. Pond Co., Inc.*, 519 F. Supp. 1162, 1168 (S.D. Fla. 1981).

### 1. The Court Lacks General Personal Jurisdiction.

Under Florida's long-arm statute, courts may exercise general jurisdiction over "[a] defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). General jurisdiction requires a "continuous and systematic general business contact" with Florida. *United Techs. Corp. v. Mazer*, 556 F.3d 1260, 1275 n.16 (11th Cir. 2009); *see Helicopteros Nacionales de Colombia S.A. v. Hall*, 466 U.S. 408 (1984). General jurisdiction is not applicable here.

Here, there is no general jurisdiction under Florida's long-arm statute. SAC is a Delaware company with its principal place of business in Arizona. (Ex. 1 at ¶ 3). *See BNSF Ry. Co. v. Tyrrell*, 137 S.Ct. 1549, 1558 (2017) (general personal jurisdiction over a corporation is in its state of incorporation or in which it maintains its principal place of business).

As further discussed below, SAC has no systematic business presence in Florida. It has no Florida business license, is not a registered Florida entity, is not subject to Florida taxes, and does not have an office or real estate in Florida. (Ex. 1 at ¶ 17-23). SAC sells no products in Florida,

except through its independent subsidiaries located outside of Florida. (*Id*.) *See Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("Generally, a foreign parent corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there."). SAC also has no employees in Florida. (*Id*. at ¶ 24). *Cf. Multidata Systems Intern. Corp.*, 523 F.3d at 612 (5th Cir. 2008) (employees working from home and reporting to supervisors out-of-state did not establish general jurisdiction over non-resident company). SAC is not subject to general jurisdiction.

### 2. The Court Lacks Specific Personal Jurisdiction Over SAC Under Fla. Stat. § 48.193(1)(a)(1) ["Conducting Business"].

Specific jurisdiction is divided into nine provisions.[1] It must arise out of the defendant's activities in Florida "that are related to the cause of action alleged in the complaint." *Consolidated Dev. Corp.*, 216 F.3d at 1291.

Under Florida's long-arm statute, courts may exercise specific jurisdiction over defendants that are "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state..." Fla. Stat. § 48.193(1)(a)(1). In addition, specific jurisdiction in Florida requires connectivity, or in other words some "direct affiliation, nexus, or substantial connection between the cause of action and the [defendant's] activities within the state." *Sun Trust Bank v. Sun Int'l Hotels, Ltd.*, 184 F. Supp. 2d 1246, 1269 (S.D. Fla. 2001) (citing *Citicorp Ins. Brokers Ltd. v. J.R. Charman,* 635 So. 2d 79, 81 (Fla. 1st DCA 1994)). This nexus requirement must be met before specific jurisdiction will attach under Fla. Stat. § 48.193(1)(a)(1). *Bloom*, 519 F. Supp. at 1168 (S.D. Fla. 1981).

### a. SAC does not conduct business in Florida.

---

[1] Malak's Amended Complaint does not state under which provision Florida allegedly has jurisdiction over SAC. SAC's Motion addresses two of the provisions; (1) businesses and (7) contracts. Other long-arm provisions found in § 48.193(1)(a), to-wit: (2) torts, (3) real property, (4) contracting to insure, (5) family law, (6) injury, (8) paternity, and (9) choice of law are not applicable here and therefore not addressed.

Malak has not alleged (and cannot) that SAC is "conducting business" in Florida to satisfy the long-arm statute. Relevant factors Florida courts consider when determining whether a defendant is conducting business "include the presence and operation of an office in Florida, the possession and maintenance of a license to do business in Florida, the number of Florida clients served, and the percentage of overall revenue gleaned from Florida clients." *Horizon Aggressive Growth, v. Rothstein–Kass, PA*, 421 F.3d 1162, 1167 (11th Cir. 2005) (internal citations omitted).

None of these factors is present here. SAC does not conduct, and never has conducted, any business in the State of Florida. (Ex 1. at ¶ 17). SAC has no office in Florida, no Florida license, no clients in Florida, and no direct revenue derived from Florida. (*Id*. at ¶ 17-27). SAC is not a registered entity or licensed to do business in Florida. (*Id*. at ¶ 18). SAC sells no products in Florida. (*Id*. at ¶ 25). SAC has no agent for service of process in Florida. (*Id*. at ¶ 19). SAC does not own or rent property in Florida. SAC does not have any office space or similar business location in Florida. (*Id*. at ¶ 20). Nor does it have any bank accounts or other assets in Florida. (*Id*. at ¶ 23). Finally, none of SAC's subsidiaries is domiciled in Florida. (*Id*. at ¶ 26). SAC's complete lack of business presence in Florida negates a finding that it is "conducting or carrying on a business" in this state. *See Melgarejo v. Pycsa Panama*, 537 Fed. Appx. 852 (11th Cir. 2013) (Panama construction company was not "carrying on a business" in Florida when company had no Florida business license or Florida clients, even though company made minimal use of a Florida office set up by an entity with a shared corporate parent).

To the extent that Malak allegedly communicated with SAC's Arizona employees (*see* DE 5 at ¶ 25-26), communications also are insufficient to establish "conducting business in Florida." *Stonepeak Partners, LP v. Tall Tower Capital, LLC*, 231 So. 3d 548, 556 (Fla. 2d DCA 2017) ("Electronic communications from out-of-state offices into Florida do not establish conducting

business in Florida."); *see Horizon Aggressive Growth*, 421 F.3d at 1167 (telephonic and electronic communications from California offices into Florida cannot constitute "conducting business" in Florida); *Sculptchair, Inc.*, 94 F.3d at 628 (insufficient business activity to support personal jurisdiction over a defendant whose only activities in Florida included a series of telephone conversations from Canada to Florida and a meeting to facilitate a contract to be performed in Canada); *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1322 (S.D. Fla. 2009) (two meetings in Florida for the purpose of negotiating an agreement that was ultimately executed outside Florida insufficient to establish personal jurisdiction); *see also Jasper v. Zara*, 595 So. 2d 1075, 1075 (Fla. 2d DCA 1992) (involving communications by mail and telephone).

### b. There is no nexus between the cause of action and SAC's activities.

Malak's Amended Complaint also fails to allege sufficient facts for the Court to find connectivity in the sense of a direct nexus between the cause of action and SAC's activities in Florida. *See Brown v. Seebach*, 763 F. Supp. 574, 579 (S.D. Fla. 1991) ("plaintiff must initially allege in the complaint sufficient jurisdictional facts to show compliance with the [long-arm] statute"). Malak alleges merely that "SAC does business in Miami-Dade County, Florida," and that Malak "is a former employee of SAC," resided in Miami-Dade County, Florida, and "performed activities for Defendant in Miami-Dade County, Florida." (DE 5 at ¶ 5). That's it. Malak's Amended Complaint fails to connect SAC's purported business activities to the causes of action alleged in this case as required by the long-arm statute. It also alleges that Malak's responsibilities included "attending long range shooting competitions throughout the U.S. on behalf of Defendant." (*Id*. at ¶ 18). As thus acknowledged, what it does not, and cannot, say is that Malak was required to attend shooting events on behalf of SAC only in Florida.

Malak's posting on social media accounts do not provide a nexus between any alleged

cause of action and SAC's activities in Florida. *See Oxygen Frog, LLC*, 187 F. Supp. 3d at 1108. Malak posted on SAC's social media accounts remotely from his personal smart phone while traveling for shooting competitions, conferences, and other promotional events that took place outside of Florida. (Ex. 1 at ¶ 15). Even if Malak attended events in Florida, he did so as a sponsored professional competitive shooter, not as an employee. (*Id.*).

Malak gains nothing by alleging that "SAC deposited wages for Malak's work to Malak's bank in Miami-Dade County" (DE 5 at ¶ 7). The Florida Court of Appeals has already rejected bank deposits as a basis for personal jurisdiction. *See Aegis Defense Services, LLC v. Gilbert*, 222 So. 3d 656, 661 (Fla. 5th DCA 2017) (that defendant "chose to remit payments to [plaintiff] through a Florida bank account does not change our analysis," that action lacked sufficient connection for personal jurisdiction).

Malak has not alleged specific jurisdiction under Florida's "conducting business" provision. It does not exist.

### 3. Court Lacks Personal Jurisdiction Under Fla. Stat. § 48.193(1)(a)(7) [Contracts].

Nor does Malak's contract claim for the alleged breach of the Sponsored Shooters Agreement (DE 5, Ex. A, hereinafter "Exhibit A") entitle this Court to jurisdiction over SAC.[2] The Florida long-arm statute provides that the state can exert jurisdiction over a cause of action arising from "Breaching a contract in this state by failing to perform acts **required by the contract to be performed in this state**." Fla. Stat. § 48.193(1)(a)(7) (emphasis added). Here, there is no allegation that the SAC failed to perform any acts required by Exhibit A to be performed in Florida. Exhibit A does not even mention Florida. (*see* DE 5, Ex. A).

Nor is jurisdiction proper under a theory that the SAC contracted with Malak, a Florida

---

[2] The enforceability of Exhibit A is discussed below. (*See* § III(C) *infra*).

resident. *See Wash. Capital Corp. v. Milandco, Ltd., Inc.*, 695 So. 2d 838, 841 (Fla. 4th DCA 1997) ("It is not enough that a foreign defendant merely contract with a Florida resident."); *see also Ware v. Citrix Systems, Inc.,* 258 So. 3d 478 (Fla. 4th DCA 2018) (fact that employees breached employment contracts not basis for long-arm jurisdiction).

Thus, the contract allegations do not save Malak, and none of the other allegations is sufficient to subject SAC to personal jurisdiction in Florida. Accordingly, Malak's Amended Complaint should be dismissed.

## II.   IMPROPER VENUE – RULE 12(B)(3).

If the Court maintains jurisdiction over this action, SAC moves to dismiss Malak's Amended Complaint for improper venue. Federal law limits the judicial district a civil action can be brought. 28 U.S.C. § 1391(b). If a case is brought in an improper venue, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). On a motion to dismiss for improper venue, the plaintiff has the burden of showing venue in the forum is proper. *Wai v. Rainbow Holdings*, 315 F. Supp. 2d 1261, 1268 (S.D. Fla. 2004). The Court has "broad discretion in evaluating venue arguments and determining whether to transfer or dismiss the case." *Maki v. Neptune Constr. Group*, 310 F. Supp. 3d 1371, 1373 (M.D. Fla. 2018). In enacting the venue statute, Congress intended to protect defendants and "therefore meant to require courts to focus on relevant activities of the defendant, not of the plaintiff." *Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371–72 (11th Cir. 2003).

Venue is not proper under 28 U.S.C. § 1391(b)(1) or (3) because SAC is a resident of Arizona and Delaware and the action could be brought in Arizona. Accordingly, venue is only proper if a substantial part of the events giving rise to Malak's claims occurred in Florida. *See* § 1391(b)(2). As explained above, Malak alleges unpaid wages for attending sporting competitions

as a professional target shooter at events that occurred outside Florida. As Malak alleged, these events occurred "throughout the U.S.," not in Florida. (DE 5, at ¶18).

As Malak has failed to meet his burden by showing that venue in Florida is proper, Malak's Amended Complaint should be dismissed.

### III. FAILURE TO STATE A CLAIM – RULE 12(B)(6) [COUNTS I – III].

If the Court maintains jurisdiction over this action, SAC moves to dismiss Malak's Counts I-III of the Amended Complaint for failure to state a claim upon which relief can be granted.

#### A. Legal Standards for a Rule 12(b)(6) Motion.

The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint, and the analysis is limited primarily to the face of the complaint and attachments thereto. *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997). Rule 12(b)(6) allows the court "to eliminate actions that are fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity." *Advanced Cardio. v. Scimed Life Systems, Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993). The plaintiff's obligation requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A plaintiff must sufficiently allege facts to allow the Court to infer that all elements of each of its causes of action exist. *Roe v. Aware Woman Ctr.*, 253 F.3d 678, 683 (11th Cir. 2001).

#### B. Malak Fails to Allege a Cause of Action Under the FLSA [COUNTS I – II].

Malak's Amended Complaint fails to state a cause of action under the FLSA. To sustain a claim under the FLSA, Malak must first allege an employment relationship. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1277 n.68 (11th Cir. 2008). The Eleventh Circuit normally uses a four-factor "economic reality" analysis to determine whether an employment relationship

exists. *Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997).[3] But courts decline to apply multifactor tests in the employment setting when they "fail to capture the true nature of the relationship" between the alleged employee and the alleged employer. *Berger v. N.C.A.A.*, 843 F.3d 285, 291 (7th Cir. 2016) (athletes are not employees); *see Dawson v. N.C.A.A.*, 250 F. Supp. 3d 401 (N.D. Cal.2017) (same); *see also Villarreal*, 113 F.3d at 206 ("This approach focuses on the economic reality of the situation as a whole.").

Malak alleged facts consistent with his sponsorship as a competitive rifle shooter, not as an employee. Malak alleged that he, "attend[ed] long range shooting competitions throughout the U.S. on behalf of Defendant." (DE 5, at ¶ 18). Conflating sponsorship of an athlete with "employment" ignores the "true nature of the relationship." *Berger*, 843 F.3d at 291. A sponsored athlete is not an employee. *See In re Lee*, 4 N.Y.S.3d 778 (N.Y. App. 2015) (no employer-employee relationship between company and its brand ambassador). Nike does not have an FLSA employment relationship with Tiger Woods for wearing its logo during the Masters Tournament. *See PGA Tour, Inc. v. Martin*, 532 U.S. 661, 678 (2001) (affirming that professional golfers in golf tour were independent contractors, not employees). Malak's complaint is insufficient to allege an FLSA employment relationship with SAC. Therefore, Counts I and II should be dismissed.[4]

### C. Count III Fails to State a Claim for Breach of Contract.

Malak attempts to plead a breach of contract claim in Count III by alleging that SAC breached the Sponsorship Agreement, attached as Exhibit A to his Amended Complaint, by failing to deliver to Malak certain "Benefits" under the Sponsorship Agreement. Specifically, Malak

---

[3] The economic reality test applies on motions for summary judgment and to dismiss for failure to state claim. *Freeman v. Key Largo Fire Dept.*, 494 Fed. Appx. 940, 943 (11th Cir. 2012).

[4] If the Court dismisses Count I for failing to allege an employment relationship, it also must dismiss Count II as it pertains to the FLSA. *See Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1343 (11th Cir. 2000) (employment is a necessary element of a claim for FLSA retaliation).

alleges that SAC failed to provide him the "Benefit" of 3,000 rounds of ammunition under the Sponsorship Agreement. Malak's claim for breach of contract must be dismissed because, as reflected on the face of the Sponsorship Agreement, the 3,000 rounds of ammunition Malak alleges SAC failed to deliver to him, in breach of the Sponsorship Agreement, are in fact **benefits** available to Malak for his performance, not **duties** owed to him by SAC.

Furthermore, Malak fails to plead the necessary elements to enforce the contract under Florida law. "*To maintain an action for breach of contract* [under Florida law], *a claimant must first establish performance* on the claimant's part of the contractual obligations imposed by the contract." *Marshall Construction, Ltd. v. Coastal Sheet Metal & Roofing, Inc.*, 569 So. 2d 845, 848 (Fla. 1st DCA 1990). The Amended Complaint is void of any allegations of fact showing that Malak substantially performed his obligations under the purported contract he seeks to enforce.

Accordingly, because Malak's breach of contract claim fails to allege any duty on the part of SAC which was breached, but is instead predicated upon a subjectively available "**benefit**," for which Malak has failed to plead any entitlement, Count III fails to state a cause of action upon which relief can be granted and must be dismissed.

IV. **ALTERNATIVELY, VENUE SHOULD TRANSFER TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ARIZONA – 28 U.S.C. § 1406.**

If the Court declines to dismiss this case (for lack of personal jurisdiction, improper venue, improper pleading, or failure to state a claim), SAC respectfully requests the Court transfer this case to the United States District Court for the District of Arizona. *See* 28 U.S.C. § 1406.

Numerous federal courts have transferred cases between an employee and an employer to the district with jurisdiction over the employer. *Williams v. GEICO Corp.*, 792 F. Supp. 2d 58 (D.D.C.2011) (transferring case between employee and employer to the District of Maryland); *Dumitrescu v. DynCorp Int'l, LLC*, 257 F. Supp. 3d 13 (D.D.C.2017) (transferring case when

defendant did not reside in District, none of the events at issue occurred in District, and defendant had its headquarters in Virginia); *Bojorquez v. Abercrombie & Fitch, Co.*, 193 F.Supp.3d 1117 (C.D. Cal. 2016) (transferring case between employee and employer to the Southern District of Ohio); *see also Benton v. England*, 222 F. Supp. 2d 728 (D.Md.2002).

Venue would be proper in the District of Arizona as many of the events purportedly giving rise to the action occurred in Arizona, including Malak's alleged termination. (DE 5, at ¶26). *See Davis v. American Society of Civil Engineers*, 290 F.Supp.2d 116 (D.D.C.2003) (venue proper in Virginia where officers allegedly discussed employee's termination and officers worked). Further, SAC's corporate offices and employees are located in the District of Arizona as well as all of a large number of likely material witnesses and evidence. *See Wade v. Olympus Industries, Inc*., 695 F. Supp. 730 (S.D.N.Y.1988) (transferring case to Eastern District of Washington when employer and two defendants were residents of Washington and large number of material witnesses were located in Washington). Therefore, SAC alternatively requests venue be transferred to the District of Arizona.

## CONCLUSION

As Malak's Amended Complaint failed to cure its fatal deficiencies, SAC requests that that the Amended Complaint be dismissed for lack of personal jurisdiction under Federal Rules of Civil Procedure 12(B)(2), improper venue under Rule 12(B)(3), failure to plead (Counts I and II) under Rule 10(b), and failure to state a claim upon which relief can be granted under Rule 12(B)(6).  If the Court does not dismiss the lawsuit altogether, then this action should be transferred to the United States District Court for the District of Arizona.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), movant's counsel certifies that it has conferred with Plaintiff's counsel in a good faith effort to resolve the personal jurisdiction and venue issues raised in this Motion but has been unable to do so.

Dated: April 26, 2019

By: */s/ Brittney P. Baker*
Jason M. Ellison
FBN: 0040963
B. Paige Baker
FBN: 113803
Ellison | Lazenby
200 Central Avenue | Suite 1850
St. Petersburg, Florida 33701
Telephone: (727) 362-6151
Facsimile: (727) 362-6131
jellison@elattorneys.com
bbaker@elattorneys.com
admin2@elattorneys.com
*Counsel for Strategic Armory Corp., LLC*